## John C. Gore *vs.* Moses Mason, Jr.

Where real estate is conveyed to trustees to be held, by written agreement under seal, for the benefit of stockholders, and the company is divided into shares, to be transferred by certificates in a mode pointed out; the transfer of shares is a sufficient consideration for a written promise to pay a sum of money therefor, although it results, that the project fails, and the shares purchased prove of no value.

And if the agreement provides, that the shares shall be transferred by the trustees, and that the transfer shall be made by certificates signed by the trustees, president and treasurer, and there is no president or treasurer, the transfer is sufficient if signed by the trustees.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Assumpsit on an instrument, of which the following is a copy: " Memo. Due to *John C. Gore* seven hundred ten dollars for seventy-one shares in the *Androscoggin Canal and Mill Company. Moses Mason, Jr. Washington, January* 10, 1836."

Prior to the execution of the paper, certain lands had been conveyed in trust to *E. Crehore, J. L. Sibley* and *F. O. J. Smith,* for the benefit of an association, called the *Androscoggin Canal and Mill Company.* Articles of agreement were entered into by the trustees and stockholders, and the property was to be divided into shares, and made transferable, similar to stock in incorporated companies. The principal portion of the land purchased was mortgaged back to the original owners, and, not being paid for, the mortgagees had entered to foreclose. Before the trial, the whole undertaking had been abandoned, and the shares had become worthless. The facts in the case sufficiently appear in the opinion of the Court.

At the trial, the counsel for the defendant contended, that there was no consideration for the memorandum, or if there was, it had failed, either wholly or in part. The Judge ruled, that there was a sufficient consideration; that there was no such failure of consideration as would constitute a defence; and that the jury could make no apportionment on the ground of a partial failure of consideration.

The jury returned a verdict for the plaintiff, and the defendant filed exceptions.

*W. P. Fessenden*, argued for the defendant, citing *Stevens* v. *McIntire*, 2 *Shepl*. 14.

*Fessenden & Deblois*, argued for the plaintiff, and cited 12 *Mass. R.* 115; 8 *Mass. R.* 200; 10 *Mass. R.* 236; 6 *Mass. R.* 58; 15 *Mass. R.* 85; 3 *Mass. R.* 1; 10 *Mass. R.* 279; *ib.* 415; 3 *Pick.* 92; 5 *Pick.* 384; 7 *Mass. R.* 14; 2 *Wheat.* 13; 2 *Greenl.* 390; *Bayley on Bills*, 537; 2 *Campb.* 346; 15 *Mass. R.* 171; 1 *Greenl.* 352; 2 *Taunt.* 2; 1 *T. R.* 133; *Cro. Eliz.* 70; 2 *Fairf.* 381; 3 *Fairf.* 218.

The opinion of the Court was afterwards drawn up by

WESTON C. J. — The only objection interposed, to the recovery of the plaintiff, upon the memorandum set forth in the declaration, is the want of consideration, or a failure of consideration, in whole or in part. The consideration expressed in the memorandum, which is dated *January* tenth, 1836, is seventy-one shares in the *Androscoggin Canal and Mill Company*. In pursuance of this purchase, the defendant received from the trustees, a new certificate of stock, dated *January* twenty-second, 1836.

This was done prior to the act, by which the company was incorporated, which passed *March* fifteenth, 1836. The nature of the association, the principles upon which it was to be conducted, and the rights and liabilities of the stockholders, at the time the defendant purchased, depended upon the indenture of three parts, dated *September* fifth, 1835, which is made part of the case. That instrument is drawn with great care and precision; disclosing clearly the object of the association, and the manner in which the contemplated enterprise was intended to be carried into effect. It

was a period, remarkably fruitful in schemes and projects, from which great private emolument, as well as public improvement, was sanguinely anticipated.

It appears from the evidence, that the defendant was apprized of the movement at an early period; and was employed by the association to make purchases and transact business, as their agent. It further appears, that prior to his becoming interested as a stockholder, the association had expended very considerable sums of money, and that certain property had been conveyed, as had been provided for in the indenture, to the trustees named therein. Every thing was fairly and openly conducted; and no indication of fraud or imposition appears any where in the case. Under these circumstances, we perceive no reason, why the stock of the association was not a fair and lawful article of sale in the market. The purchaser, taking his chance of gain, as a consequence assumed the hazard of loss. He might re-sell at an advance, or if the scheme proved successful, it might turn out to be a profitable investment.

On the other hand, the expenditures might greatly exceed the estimates. Hopes of profit might be disappointed. The means of the stockholders might fail; and new associates might not be found, to go on with the enterprise. These were hazards, which the defendant, as a prudent purchaser, should have considered; but whether he did so or not, he must abide the consequences of a bargain fairly made. It is no defence to his promise to pay the consideration, that the project has failed, and the property purchased proved unavailable.

It is insisted, that the certificate of stock, received by the defendant, does not pursue the form given in the indenture. We think it does in substance, which is all that instrument required. It is headed *Androscoggin Canal and Mill Company*, instead of *Association*, but the terms have the same meaning. It is inferrable, from the form in the indenture, that the certificate would be signed by the president, but it does not appear that the association had such an officer. So, also, it would seem from the form, that the certificate should have the signature of the treasurer. As the indenture provides, that one of the trustees should be the treasurer, and all the trustees have signed, this has been substantially com-

plied with. The indenture confers on the trustees the power of issuing certificates of stock. This power they have exercised in this case; and the terms used, are in accordance with the form prescribed.

In our opinion, no want or failure of consideration has been made to appear.

*Exceptions overruled.*